## 4457. HUDSON v. THE STATE.

The decision in this case is controlled by the ruling in *Mulkey* v. *State*, 1 *Ga. App.* 521 (57 S. E. 1022).

DECIDED APRIL 2, 1913.

Accusation of cheating and swindling; from city court of Sparta—Judge Moore. September 14, 1912.

*T. M. Hunt,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

RUSSELL, J. The evidence fails to disclose that the accused had any fraudulent intent at the time the advancement was made to him on the original contract, or was actuated by a fraudulent intent at the time he obtained the dollar and the five cents for a package of tobacco, for obtaining which he was convicted.

According to the testimony of the prosecutor, the defendant had worked with him nearly four months, and the advance of one dollar and five cents was made in response to, and as a partial and conciliatory concession on the part of the employer to a request for an advance of $10.80, and the dollar in money and the later five cents for tobacco were both furnished to the accused after his declaration that if he had to wait for the $10.80 he was going to quit. The prosecutor need not have made the advance for the procuring of which the defendant was convicted, for the defendant's open declaration of his intention to quit was made *before,* and not after, the advancement of the $1.05. The employer risked the chance of the defendant's changing his mind, and his loss resulted from taking this risk, and not from any secret designing or fraudulent act of the accused. An intent to defraud must be concealed from the person whom it is sought to defraud, for if he is conscious that there is an attempt to perpetrate a fraud upon him, and consents (though he may be wronged), he is not defrauded.

*Judgment reversed.*